In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00180-CR


______________________________




JAMES EARL OLIVER, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 4th Judicial District Court


Rusk County, Texas


Trial Court No. CR07-009




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 James Earl Oliver was charged with and convicted by a jury of the state-jail felony of
possession of a controlled substance. He now appeals his conviction and the two-year sentence
assessed him.

 On October 11, 2006, an illegally-parked car drew the attention of Officer Brian Pool of the
Henderson Police Department; the automobile was parked on the wrong side of the road, facing the
oncoming traffic lane. When Pool turned his patrol car around to contact the driver, the driver
immediately began to drive the car away from the scene. Pool signaled the car to pull over and
encountered Oliver, who was operating the car. During the course of this traffic stop, Pool requested
permission to conduct a search of Oliver's car and Oliver gave written consent. The search of the
automobile revealed no contraband; Pool then asked Oliver to empty his pockets and Oliver
complied. As Oliver pulled out cash and other contents from his pocket, Pool noticed something fall
from Oliver's hand. Looking down, Pool saw what he described as a small rock. Further
investigation revealed two other rocks, which ultimately proved to be crack cocaine. Another police
officer, Matt Sheain, had arrived at the scene; although Sheain saw Oliver pull money out of his
pocket, he did not see anything drop from his hand. The stop and the search were videotaped on the
camera in Pool's patrol car; although the videotape shows Oliver removing things from his pockets
at that time, it does not show anything falling to the ground. However, one can observe on the
recording that Officer Pool had an immediate reaction of looking to the ground as Oliver was
removing objects from his pockets, an action which would indicate that something had drawn his
attention there. 

 In his case-in-chief, Oliver presented the testimony of his friend, Rashanda Horton, who
testified that she was nearby at the time of the traffic stop and the search and could clearly see the
events which transpired. She said that Officer Pool seemed to be angry that his search of Oliver's
car did not reveal the presence of any contraband in the car and that when Oliver brought his hands
out of his pockets, Pool simultaneously removed his own hands out from his own pockets. Horton
further said that there was substantial drug activity in the area of the traffic stop and that it was
therefore not surprising to her that there was crack cocaine on the ground there. She testified that
she believed that it was Pool, and not Oliver, who had dropped the cocaine on the ground. 

 Ruth Cameron testified she observed the traffic stop from her porch. She said she saw
nothing drop from Oliver's pockets. 

 Oliver's girlfriend, Jetera Johnson, testified she was likewise at the scene, along with a few
other people including two "crack head[s]." She saw nothing drop from Oliver's hands. 

Factual Sufficiency

 Oliver's sole point of error contends the evidence was factually insufficient to support the
jury's verdict. 

 In a factual sufficiency review, we review all the evidence, but do so in a neutral light and
determine whether the evidence supporting the verdict is so weak or is so outweighed by the great
weight and preponderance of the evidence that the jury's verdict is clearly wrong or manifestly
unjust. Roberts v. State, 220 S.W.3d 521, 524 (Tex. Crim. App. 2007); Marshall v. State, 210
S.W.3d 618, 625 (Tex. Crim. App. 2006); Watson v. State, 204 S.W.3d 404, 414-15 (Tex. Crim.
App. 2006); Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). In a factual sufficiency
review, we are to afford "due deference" to a jury's determinations. Marshall, 210 S.W.3d at 625. 
"Although an appellate court reviewing factual sufficiency has the ability to second-guess the jury
to a limited degree, the review should still be deferential, with a high level of skepticism about the
jury's verdict required before a reversal can occur." Roberts, 220 S.W.3d at 524. 

 The jury is free to believe or disbelieve the testimony of any witness, to reconcile conflicts
in the testimony, and to accept or reject any or all of the evidence of either side. Bottenfield v. State,
77 S.W.3d 349, 355 (Tex. App.--Fort Worth 2002, pet. ref'd). We may not substitute our own
determination for that of the jury and it is not proper for us to do so. See Ortiz v. State, 93 S.W.3d
79, 87-88 (Tex. Crim. App. 2002); Scott v. State, 934 S.W.2d 396, 399 (Tex. App.--Dallas 1996,
no pet.). A jury confronted with conflicting evidence may elect to believe one witness and disbelieve
others; it may resolve inconsistencies in the testimony of any witness, even to the extent of accepting
the testimony of lay persons which disputes that of experts. Cain v. State, 958 S.W.2d 404, 408-09
(Tex. Crim. App. 1997) (en banc).

 To prove unlawful possession of a controlled substance, the State must prove that: (1) the
accused exercised control, management, or care over the substance; and (2) the accused knew the
matter possessed was contraband. Whether this evidence is direct or circumstantial, "it must
establish, to the requisite level of confidence, that the accused's connection with the drug was more
than just fortuitous. This is the whole of the so-called 'affirmative links' rule." Poindexter v. State,
153 S.W.3d 402, 406-07 (Tex. Crim. App. 2005) (footnotes omitted). In deciding whether the
evidence is sufficient to link the defendant to contraband, the trier of fact is the exclusive judge of
the credibility of the witnesses and the weight to be given to their testimony. Mattias v. State, 731
S.W.2d 936, 940 (Tex. Crim. App. 1987). 

 The number of links present is not as important as the degree to which these tend to link the
defendant to the controlled substance. Washington v. State, 215 S.W.3d 551, 554-55 (Tex.
App.--Texarkana 2007, no pet.). There is no set formula of facts that dictate a finding of links
sufficient to support an inference of knowing possession of contraband. Id. Nonetheless, recognized
factors include whether: (1) the contraband was in plain view or recovered from an enclosed place;
(2) the accused was the owner of the premises or the place where the contraband was found; (3) the
accused was found with a large amount of cash; (4) the contraband was conveniently accessible to
the accused; (5) the contraband was found in close proximity to the accused; (6) a strong residual
odor  of  the  contraband  was  present;  (7)  the  accused  possessed  other  contraband  when
arrested; (8) paraphernalia to use the contraband was in view, or found on the accused; (9) the
physical  condition  of  the  accused  indicated  recent  consumption  of  the  contraband  in  question;
(10) conduct by the accused indicated a consciousness of guilt; (11) the accused attempted to flee;
(12) the accused made furtive gestures; (13) the accused had a special connection to the contraband;
(14) the occupants of the premises gave conflicting statements about relevant matters; (15) the
accused made incriminating statements connecting himself or herself to the contraband; (16) the
quantity of the contraband; and (17) the accused was observed in a suspicious area under suspicious
circumstances. Id. at 554. It is the logical force the factors have in establishing the elements of the
offense, not the number of them, that is important. In other words, we ask if there is evidence of
circumstances, in addition to mere presence, that adequately justifies the conclusion that the
defendant knowingly possessed the substance. Evans v. State, 202 S.W.3d 158, 161-62 n.9 (Tex.
Crim. App. 2006); Washington, 215 S.W.3d at 554-55.

 In the instant case, the factors connecting Oliver to possession of the crack cocaine include: 
the drugs were found in close proximity to Oliver (albeit outdoors on the ground and not subject to
Oliver's exclusive control); Oliver was found to have a large amount of cash on his person, in excess
of $1,000.00; the incident took place in what was described as a suspicious area, one apparently
frequented by "crack head[s]" where substantial illicit drug activity had occurred. As previously
stated, however, it is the logical force of the links as opposed to the quantity of said links that
governs our analysis of the sufficiency of the evidence. This case turns on the jury's evaluation of
the credibility of the witnesses and we may not disturb that finding unless we conclude that the
verdict is clearly wrong or manifestly unjust. Such is not the case here; the jury was entitled to
believe the testimony of Officer Pool and disbelieve that of Horton and Oliver's other witnesses. See
Wesbrook v. State, 29 S.W.3d 103, 112 (Tex. Crim. App. 2000) (en banc) (citing Jones v. State, 944
S.W.2d 642, 647 (Tex. Crim. App. 1996)).

 We overrule Oliver's point of error and affirm the trial court's judgment. 




 Bailey C. Moseley

 Justice


Date Submitted: June 24, 2008

Date Decided: July 2, 2008


Do Not Publish